1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWAN BROOKS, ) | 1:11-cv-01315-JLT HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION TO |
| ) | DISMISS PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS (Doc. 1) |
| ) | |
| ) | ORDER DIRECTING OBJECTIONS TO BE |
| JAMES YATES, ) | FILED WITHIN TWENTY DAYS |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF THE |
| _____) | COURT TO ASSIGN DISTRICT JUDGE TO |
| | CASE |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed electronically by counsel on August 9, 2011.  (Doc. 1).  After a preliminary review of the Petition indicated that the petition may be untimely, the Court, on August 15, 2011, issued an Order to Show Cause why the petition should not be dismissed for violating 28 U.S.C. § 2244(d)(1).   (Doc. 6).  The Order to Show Cause required Petitioner to file a response within thirty days.  To date, Petitioner has not filed a response.

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

1

if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the August 15, 2011 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on August 9, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1

2           (D) the date on which the factual predicate of the claim or claims presented
       could have been discovered through the exercise of due diligence.

3           (2) The time during which a properly filed application for State post-conviction or
       other collateral review with respect to the pertinent judgment or claim is pending shall
4      not be counted toward any period of limitation under this subsection.

5   28 U.S.C. § 2244(d).

6           In most cases, the limitation period begins running on the date that the petitioner's direct

7   review became final.  Here, the Petitioner was convicted in the Kern County Superior Court of first

8   degree murder on April 4, 2006, and was sentenced to an indeterminate term of twenty-five-years-to-

9   life.  Petitioner filed his direct appeal in the California Court of Appeal, Fifth Appellate District ("5th

10  DCA")), which affirmed his conviction; thereafter, Petitioner filed a Petition for Review in the

11  California Supreme Court that was denied on November 19, 2008.  Thus, direct review would have

12  concluded on February 17, 2009, when the ninety day period for seeking review in the United States

13  Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d

14  1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would

15  then have one year from the following day, February 18, 2009, or until February 17, 2010, absent

16  applicable tolling, within which to file his federal petition for writ of habeas corpus.

17          As mentioned, the instant petition was filed on August 9, 2011, approximately eighteen

18  months after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to

19  either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

20          C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

21          Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

22  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

23  § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

24  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

25  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

26  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

27  delay in the intervals between a lower court decision and the filing of a petition in a higher court.

28  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

3

1  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

2  omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

3  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

4  (9th Cir. 1999).

5      Nevertheless, there are circumstances and periods of time when no statutory tolling is

6  allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

7  appeal and the filing of an application for post-conviction or other collateral review in state court,

8  because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;

9  Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

10  allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.

11  In addition, the limitation period is not tolled during the time that a federal habeas petition is

12  pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.

13  Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a

14  petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing

15  a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

16  does not permit the reinitiation of the limitations period that has ended before the state petition was

17  filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to

18  continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,

19  447 F.3d 1165, 1166 (9th Cir. 2006).

20      Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in

21  the 5th DCA on December 18, 2009, and denied on June 27, 2010; and (2) petition filed in the

22  California Supreme Court on June 28, 2010, and denied on August 11, 2010. [1]

23  _____

24      [1]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.

25  1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice
may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise

26  Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v.
Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As

27  such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal
and the California Supreme Court are subject to judicial notice.  Petitioner does not indicate the precise date of filing of his

28  state supreme court petition; however, the Court has determined that date by accessing the State's electronic court database.

4

As mentioned, the one-year period commenced on February 18, 2009, and appears to have continued to run until the first state habeas petition was filed on December 18, 2009, a period of 303 days.  Petitioner would then have had only 62 days remaining on his one-year period at that point.

Assuming, without deciding, that the two state habeas petitions were "properly filed" within the meaning of the AEDPA, and thus entitled to statutory tolling, the one-year period would have resumed running on August 11, 2010, when the last of Petitioner's two state habeas petitions was denied.  Petitioner had already consumed 303 days of his one-year period, and thus only 62 days remained at that point.  Thus, the one-year period would have continued to run until it expired 62 days later on October 12, 2010.  Because the instant petition was not filed until August 9, 2011, approximately ten months after the one-year period would have expired, the petition is untimely and must be dismissed unless Petitioner can establish his entitlement to equitable tolling.

### D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

1    Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on

2 the record now before the Court, the Court sees no basis for such a claim.  Accordingly, Petitioner is

3 not entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

### ORDER

5    The Court HEREBY ORDERS as follows:

6    1.  The Clerk of the Court is DIRECTED to assign a United States District Judge to this

7        case.

### RECOMMENDATION

9    For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus

10 petition (Doc. 1), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one

11 year limitation period.

12    This Findings and Recommendation is submitted to the United States District Court Judge

13 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

14 Local Rules of Practice for the United States District Court, Eastern District of California.

15 Within twenty (20) days after being served with a copy, any party may file written objections with

16 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

17 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

18 filed within ten (10) court days (plus three days if served by mail) after service of the objections.

19 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

20 parties are advised that failure to file objections within the specified time may waive the right to

21 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 IT IS SO ORDERED.

24 Dated:   **October 19, 2011**                                    **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE

6