UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWAN BROOKS,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES YATES,<br><br>        Respondent. | Case No.: 1:11-cv-01315-LJO-JLT<br><br>ORDER REQUIRING COUNSEL OF RECORD TO FILE RESPONSE<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE ORDER ON COUNSEL OF RECORD AND PETITIONER |

**PROCEDURAL HISTORY**

The original petition in this case was filed on August 9, 2011 by Petitioner's counsel of record, Gregory H. Mitts. (Doc. 1). After a preliminary review of the petition indicated that it may be untimely under federal law, the Magistrate Judge, on August 15, 2011, issued an Order to Show Cause why the petition should not be dismissed and afforded counsel thirty days within which to file a response. (Doc. 6). Mr. Mitts filed no response. On October 20, 2011, the Magistrate Judge issued Findings and Recommendations to dismiss the petition and gave counsel twenty days within which to file objections. (Doc. 8). Mr. Mitts did not file objections. On November 22, 2011, this Court adopted the Findings and Recommendations, entered judgment, and closed the file. (Docs. 9 & 10).

On June 13, 2012, Petitioner, without assistance of his counsel, filed a series of documents: (1) motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b); (2) motion for an evidentiary hearing; (3) motion for release from custody during appeal; and (4) motion to proceed in forma

1

pauperis. (Docs. 12, 13, 14 & 15). Petitioner also submitted a first amended habeas corpus petition pursuant to 28 U.S.C. § 2254, which the Clerk of the Court lodged pending a decision by the Court as to Petitioner's other motions. (Doc. 16).

In his motion for relief from judgment, Petitioner makes a number of allegations charging Mr. Mitts with egregious negligence and ineffective assistance of counsel in failing to file a timely federal petition. Petitioner alleges, inter alia, that his family retained Mr. Mitts in March 2010 to represent him in Petitioner's habeas corpus proceedings and other related legal matters; that Mr. Mitts did not keep Petitioner and his family apprised of various rulings in state court despite Petitioner's monthly communications with Mr. Mitts; that Petitioner sent Mr. Mitts Petitioner's entire file on or about August 6, 2011 [sic]; that Mr. Mitts filed the original petition in this case on August 9, 2011; that Mr. Mitts did not communicate with Petitioner and Petitioner only learned of this Court's dismissal of the petition when Petitioner's wife discovered that fact on the internet on November 25, 2011. (Doc. 12, pp. 5-6). Petitioner contends that counsel's actions were negligent and entitle Petitioner to equitable tolling under federal law that would make his petition timely despite being filed beyond the one-year limitation period.

## DISCUSSION

Attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the § 2244(d)(1) limitation period. Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2563-64 (2010); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 010); Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003). However, attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard can be a basis for applying equitable tolling. Spitsyn, 345 F.3d at 801. In Spitsyn, the attorney was retained a full year in advance of the deadline, but completely failed to prepare or file a petition even though the attorney was repeatedly contacted by both the client and the client's mother, and a grievance was filed with the state bar association complaining about the lack of response. Also, despite a letter terminating the representation and requesting the file, the file was not turned over until two months after the expiration of the filing deadline. This conduct was held to be sufficiently egregious. Id. at 798, 801. It was, however, still necessary that the petitioner have acted with reasonable diligence. Id. at 802.

In the Magistrate Judge's Findings and Recommendations, the Court concluded that the one-year limitation period commenced on February 18, 2009 and continued to run until the first state habeas petition was filed, on December 18, 2009.  The limitation period remained tolled throughout the "round" of habeas litigation until the California Supreme Court denied Petitioner's last state petition on August 11, 2010.  Thereafter, the one-year period re-commenced until it expired on October 12, 2010.  The original petition was filed by Mr. Mitts on August 9, 2011, approximately ten months after the limitation period would have expired.

Although Petitioner indicates that his last habeas petition was denied in state court in August 2011 and that he thereafter immediately conveyed the file to Mr. Mitts, it seems likely Petitioner meant that these events occurred in August 2010, not August 2011, since it appears unlikely Mr. Mitts could have prepared and filed the petition within three days of receiving the file from Petitioner.  Moreover, Petitioner, in his motion for relief from judgment, has advised the Court that his first state habeas petition, filed in the Superior Court but not mentioned in his petition, was filed on August 27, 2009, which, if made known to the Court, would have altered the Court's calculation of the running of the one-year period, extending the expiration of the one-year period by approximately four months.  That being so, the petition still would have been untimely by six months.

Additionally, the determination whether a petitioner is entitled to equitable tolling for attorney negligence is a particularly fact-based inquiry.  Unfortunately, in this instance, the only factual allegations the Court has been presented are those contained in Petitioner's motion for relief from judgment.  Mr. Mitts, who has never moved to withdraw as counsel of record, did not respond to the Magistrate Judge's Order to Show Cause nor did he file objections to the Magistrate Judge's Findings and Recommendations.  Thus, at this juncture, Petitioner's factual allegations are unrebutted.  Moreover, Respondent has not yet made an appearance in this case.  Hence, Mr. Mitts is the only other individual involved in this case who is in a position to assist the Court in developing the factual record regarding Petitioner's claim of ineffective assistance by Mr. Mitts.

## **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner's counsel of record, Gregory Mitts, is **ORDERED** to file a response addressing the allegations of egregious misconduct and ineffective assistance contained in Petitioner's motion for relief from judgment (Doc. 12), **within thirty days of the date of service of this order**. The response should include any arguments, documents, declarations, correspondence, other evidence or factual support that counsel deems appropriate to develop the factual record on these issues; and,

2. The Clerk of the Court is **DIRECTED** to serve this order on Petitioner's counsel of record, Mr. Mitts, and Petitioner. Petitioner is to be served at the address listed on the motion for relief from judgment. The Clerk of the Court is also **DIRECTED** to serve on counsel of record Petitioner's motion for relief from judgment, notice regarding motion for relief from judgment, and motion for evidentiary hearing. (Docs. 11, 12, & 13).

IT IS SO ORDERED.

Dated:   **June 21, 2012**                           **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

4