1

2              **UNITED STATES DISTRICT COURT**

3              **EASTERN DISTRICT OF CALIFORNIA**

4

5

6

7

8

| | | |
|---|---|---|
| ROWAN BROOKS, | ) | Case No.: 1:11-cv-01315-LJO-JLT |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR RELIEF FROM JUDGMENT (Doc. 12) |
| v. | ) | |
| | ) | ORDER DENYING AS MOOT MOTION FOR |
| JAMES YATES, | ) | EVIDENTIARY HEARING (Doc. 13) |
| | ) | |
| Respondent. | ) | ORDER DENYING AS MOOT MOTION FOR |
| | ) | RELEASE DURING APPEAL (Doc. 14) |
| | ) | |

9

10

11

12

13

14

        Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.

                        **PROCEDURAL HISTORY**

        The instant petition was filed on August 9, 2011.  (Doc. 1).  On October 10, 2012, the

15  Magistrate Judge entered Findings and Recommendations to dismiss the petition as untimely pursuant

16  to 28 U.S.C. § 2244(d)(1).  (Doc. 8).  On November 22, 2012, the district court judge adopted those

17  Findings and Recommendations, entered judgment against Petitioner, and ordered the file closed.

18  (Doc. 9).  On June 3, 2012, Petitioner filed the instant motion for relief from judgment, contending

19  that counsel was ineffective for filing the petition six months after the one-year limitation period had

20  expired and because Petitioner is actually innocent.  (Doc. 12).  Also on June 3, 2012, Petitioner filed

21  a motion to be released from custody during the pendency of his "appeal," and for an evidentiary

22  hearing.  (Docs. 13 & 14).

23

24                                  1

25

26

27

28

1    In response to the allegations in Petitioner's motion for relief from judgment, the Court issued

2    an Order to Show Cause on June 21, 2012, directed at Petitioner's counsel, Gregory Mitts, requiring

3    Mr. Mitts to file a response that addressed Petitioner's allegations of ineffective assistance of counsel.

4    (Doc. 17).  On September 4, 2012, after an extension of time had been granted, Mr. Mitts filed his

5    response.  (Doc. 26).  In the interim, Petitioner had filed several letters attempting to further develop,

6    both factually and legally, his claims.  (Docs. 19, 22, 25).  Following Mr. Mitts response, Petitioner

7    filed several more "supplements" to his motion, again providing further arguments regarding the

8    issues at hand.  (Docs. 29, 30).

9    The Court has read and considered all of the relevant filings by both Petitioner and Mr. Mitts.

10   For the reasons set forth below, the Court denies Petitioner's motion for relief from judgment.

11   ## DISCUSSION

12   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district

13   court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds

14   of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3)

15   fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6)

16   any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A

17   motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year

18   after the judgment, order, or proceeding was entered or taken."  Id.

19   Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show

20   the "new or different facts or circumstances claimed to exist which did not exist or were not shown

21   upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are

22   committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441

2

(D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  <u>See</u>, <u>e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to the Court's Local Rules, Petitioner has not shown  "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion."    Local Rule 230(j). (Emphasis supplied).

In his motion, Petitioner essentially argues that he is entitled to equitable tolling, or some unspecified other form of equitable relief, due to his counsel's ineffective assistance of Petitioner during these proceedings.  Petitioner also contends that he is actually innocent of the crimes for which he was convicted.  In support of his ineffective assistance claim, Petitioner alleges in his motion for relief from judgment that counsel, Mr. Mitts, was hired by Petitioner in March 2010 to file a federal habeas corpus petition and to assist Petitioner in three other related legal matters; that, after representing Petitioner in these matters, Petitioner did not receive any communication from Mitts after March 24, 2011; that Mitts did not inform Petitioner that the instant petition had been filed on August 9, 2011; and that Petitioner discovered that the petition had been dismissed as untimely only after his wife discovered that fact on the internet on November 25, 2011.  (Doc. 12, pp. 5-6).

3

As mentioned, a result of Petitioner's allegations, the Court, on June 21, 2012, ordered Mr. Mitts to file a response within thirty days.  (Doc. 17).  After obtaining an extension of time due to medical problems, Mitts filed a response on September 4, 2012.  (Doc. 26).  That response alleges, under penalty of perjury, that Mitts, a bar certified criminal law specialist, was retained by Petitioner after that latter's conviction in order to file a motion for a new trial, which was denied; that court-appointed counsel represented Petitioner during his direct appeal, but that Mitts was retained by Petitioner to pursue a state habeas corpus petition Petitioner had previously filed in propria persona; that after that state petition had been denied in the California Court of Appeal, Mitts filed a petition for review in the California Supreme Court on behalf of Petitioner, which was also denied; that Petitioner retained Mitts to represent him in an appeal of a restitution order in favor of the victim and against Petitioner; that Mitts filed the instant petition on Petitioner's behalf on August 9, 2011, believing it to be timely; that after being notified by this Court of the possibility that the petition was untimely, further research convinced Mitts that the Court was correct; that Mitts did not respond to the Court's Order to Show Cause because to do so would necessitate a concession by counsel of the petition's untimeliness; that sometime after the instant petition was dismissed, Petitioner's wife contacted Mitts to express Petitioner's displeasure at the dismissal and to ask about available legal options; and that Mitts explained to Petitioner's wife that timeliness was jurisdictional and no viable legal options existed.  (Doc. 26, pp. 3-4).   For his part, Petitioner has sent several letters to the Court setting forth Petitioner's claim that, despite having sent several letters to Mitts, the latter failed to keep Petitioner apprised of events in this case.  (Doc. 25).

In considering Petitioner's motion for relief from judgment, the Court has considered the foregoing chronology, which does not appear to be in dispute.  That chronology, however, does not

4

1    alter the Court's original view of the untimeliness of the petition nor does it provide any new

2    information that would satisfy any of the requirements for a meritorious motion for relief from

3    judgment.  Had Petitioner raised the issue of ineffective assistance prior to the entry of judgment, it

4    would have been considered a request for relief from the one-year statute of limitations on the basis of

5    equitable tolling.  As the Magistrate Judge indicated in her Findings and Recommendations, the one-

6    year limitation period is subject to equitable tolling when "extraordinary circumstances beyond a

7    prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d

8    1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external

9    forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim,

10   equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104,

11   1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing

12   two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

13   circumstance stood in his way.   Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2552 (2010); Pace v.

14   DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger

15   equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro,

16   292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is

17   unavailable in most cases."  Miles, 187 F. 3d at 1107.

18         Simple attorney negligence, including a miscalculation of a filing deadline, is not a sufficient

19   basis for applying equitable tolling to the § 2244(d)(1) limitation period.  Holland, 130 S.Ct. 2549;

20   Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn v. Moore, 345 F.3d 796, 800 (9th

21   Cir. 2003);  Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).  However, attorney misconduct that

22   is sufficiently egregious to meet the extraordinary misconduct standard can be a basis for applying

23

24                                                    5

25

26

27

28

equitable tolling.  <u>Spitsyn</u>, 345 F.3d at 801.  In <u>Spitsyn</u>, the attorney was retained a full year in advance of the deadline, but completely failed to prepare or file a petition even though the attorney was repeatedly contacted by both the client and the client's mother, and a grievance was filed with the state bar association complaining about the lack of response.  Also, despite a letter terminating the representation and requesting the file, the file was not turned over until two months after the expiration of the filing deadline.  The conduct was held to be sufficiently egregious to warrant equitable tolling.  <u>Id</u>. at 798, 801.  It was still necessary, however, that the petitioner act with reasonable diligence.  <u>Id</u>. at 802.

In contrast to <u>Spitsyn</u>, in this case the uncontroverted chronology establishes nothing more than mere simple negligence on the part of Mitts.  Mitts not only prepared and filed the petition, unlike <u>Spitsyn</u>, he represented Petitioner on various other legal matters over a course of many months.  Petitioner does not allege ineffective assistance for any of those non-habeas matters.  While it may seem ironic that federal law affords prisoners the possibility of relief when their counsel is egregiously negligent but not when counsel's mistake is less than flagrant, it is nonetheless the law.  Were the law any other way, then <u>any</u> act of negligence or malpractice by counsel would entitle the petitioner to relief from the AEDPA's timeliness requirement.   Here, the only relief the AEDPA affords a petitioner from an untimely petition is the possibility of sufficient equitable tolling to make the petition timely.  Under the present circumstances, Petitioner would not be entitled to equitable tolling.  Thus, there is no further, independent basis on which to relieve Petitioner from the harsh consequences of the AEDPA's timeliness requirement.

As to Petitioner's contention that he is actually innocent, the Ninth Circuit has held that "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period,

6

and a petitioner who makes such a showing may pass through the <u>Schlup</u> gateway[1] and have his

otherwise time-barred claims heard on the merits." <u>Lee v. Lampert</u>, 653 F.3d 929, 932-933 (9th cir.

2011)(*en banc*).   The "<u>Schlup</u> gateway" of "actual innocence" was articulated by the United States

Supreme Court as requiring a petitioner to demonstrate that in light of the evidence no reasonable juror

would have found him guilty.  <u>Schlup</u>, 513 U.S. at 329.  It may only be employed when a petitioner

"falls within the narrow class of cases…implicating a fundamental miscarriage of justice.  <u>Id</u>., 513

U.S. at 314-315.  However, "[t]o ensure that the fundamental miscarriage of justice exception would

remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring

that the exception would extend relief to those who were truly deserving," the Supreme Court

explicitly limited the equitable exception to cases where a petitioner has made a showing of innocence.

<u>Schlup</u>, 513 U.S. at 321.  "The Supreme Court did not hold that a petitioner may invoke <u>Schlup</u>

whenever he wants a trial do-over."  <u>Lee v. Lampert</u>, 653 F.3d at 946 (Kozinski, J., concurring.)

      Petitioner's claim of actual innocence is based on his contention that the victim was not

murdered by strangulation, but rather died on an underlying medical condition, i.e., arrythmogenic

right ventricular cardiomyopathy/dysplasia.  (Doc. 16, Ex. F).  Petitioner has essentially regurgitated

the same contentions he has made since his direct appeal, i.e., that the prosecution's expert witness,

Dr. Wagner, was mistaken in his conclusion of death by strangulation based on observations of

photographs of the victim and a review of the autopsy report prepared by Dr. Volk, and that Dr.

Volk's subsequent declarations indicating that Dr. Wagner's testimony about what was in Dr. Volk's

autopsy report was erroneous, is confirmation of this mistake.  However, Dr. Wagner's conclusions

were subjected to cross-examination at trial, these issues were raised and debated heatedly by counsel

---

[1] Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995).

7

at trial, and Petitioner himself testified as to his version of events, yet a jury still found Petitioner guilty of first-degree murder of his wife beyond a reasonable doubt. Further, Petitioner raised Dr. Volk's declarations in subsequent state habeas proceedings where further habeas relief was denied. Petitioner now asks this Court to entertain an untimely petition based on his contention that this same "evidence" establishes that he is factually innocent. The Court does not agree. This "evidence" is not newly discovered and, even if it were, it does not meet the Schlup standard requiring Petitioner to demonstrate that, in light of the evidence, *no reasonable juror would have found him guilty*. Schlup, 513 U.S. at 329. Clearly, a group of twelve reasonable jurors did find Petitioner guilty based on its review of most of this evidence. Essentially, in these proceedings now, Petitioner seeks what Judge Kozinski has indicated is proscribed under Schlup, a "trial do-over." Lee v. Lampert, 653 F.3d at 946.

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied. Similarly, Petitioner's motion for an evidentiary hearing and motion for release on bail are also denied as moot.

## **ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. Petitioner's motion for relief from judgment (Doc. 12), is DENIED.

2. All other pending motions (Docs. 13, 14), are DENIED as MOOT.

IT IS SO ORDERED.

Dated: __October 5, 2012__           ___/s/ Lawrence J. O'Neill___
                                    UNITED STATES DISTRICT JUDGE

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9