1
2
3
4
5
6
7
8         **UNITED STATES DISTRICT COURT**
9         **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| ROWAN BROOKS, | ) Case No.: 1:11-cv-01315-LJO-JLT |
|         Petitioner, | )<br>) ORDER DECLINING TO ISSUE CERTIFICATE |
| | ) OF APPEALABILITY |
|       v. | ) |
| JAMES YATES, | )<br>) |
|         Respondent. | )<br>) |
| _____ | ) |

**PROCEDURAL HISTORY**

     The original petition in this case was filed on August 9, 2011 by Petitioner's counsel of record, Gregory H. Mitts.  (Doc. 1).  On October 20, 2011, the Court issued Findings and Recommendations to dismiss the petition as untimely.  (Doc. 8).  On November 22, 2011, the District Judge adopted those Findings and Recommendations and entered judgment.  (Docs. 9 & 10).  On June 13, 2012, Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).  (Doc. 12).  After further proceedings, the Court denied Petitioner's motion for relief from judgment on October 5, 2012. (Doc. 31).  Petitioner then appealed to the United States Court of Appeals, Ninth Circuit.  (Doc. 32). On November 28, 2012, the Ninth Circuit remanded the case back to this Court for the limited purposes of issuing or declining to issue a certificate of appealability.  (Doc. 39).  The Court declines to issue a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 29, 2012**                         **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE