UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWAN BROOKS,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES YATES,<br><br>        Respondent. | Case No.: 1:11-cv-01315-LJO-JLT<br><br>ORDER VACATING OCTOBER 5, 2012 ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (Doc. 31)<br><br>ORDER ON REMAND GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT DATED JUNE 13, 2012 (Doc. 12)<br><br>ORDER VACATING JUDGMENT ENTERED ON NOVEMBER 22, 2011 (Doc. 10)<br><br>ORDER REMANDING CASE TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding through appointed counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The original petition in this case was filed on August 9, 2011 by Petitioner's then-counsel of record, Gregory H. Mitts. (Doc. 1). On August 15, 2011, after a preliminary review of the petition indicated that the petition may be untimely under federal law, the Magistrate Judge issued an Order to

1  Show Cause why the petition should not be dismissed as untimely, and afforded counsel thirty days
2  within which to file a response. (Doc. 6). Mr. Mitts filed no response.

   On October 20, 2011, the Magistrate Judge issued Findings and Recommendations to dismiss
3
4  the petition and gave counsel twenty days within which to file objections. (Doc. 8). Mr. Mitts did not
5  file objections. On November 22, 2011, this Court adopted the Findings and Recommendations,
6  entered judgment, and closed the file. (Docs. 9 & 10).

   On June 13, 2012, Petitioner, without assistance of his counsel, filed a series of documents,
7
8  including the instant motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Doc. 12). In
9  his motion for relief from judgment, Petitioner made a number of allegations charging Mr. Mitts with
10 egregious negligence and ineffective assistance of counsel in failing to file a timely federal petition.
11 Petitioner alleged, inter alia, that his family retained Mr. Mitts in March 2010 to represent him in
12 Petitioner's habeas corpus proceedings and other related legal matters; that Mr. Mitts did not keep
13 Petitioner and his family apprised of various rulings in state court despite Petitioner's monthly
14 communications with Mr. Mitts; that Petitioner sent Mr. Mitts Petitioner's entire file on or about
15 August 6, 2011 [sic]; that Mr. Mitts filed the original petition in this case on August 9, 2011; that Mr.
16 Mitts did not communicate with Petitioner and Petitioner only learned of this Court's dismissal of the
17 petition when Petitioner's wife discovered that fact on the internet on November 25, 2011. (Doc. 12,
18 pp. 5-6). Petitioner contended that counsel's actions were negligent and entitle Petitioner to equitable
19 tolling under federal law that would make his petition timely despite being filed beyond the one-year
20 limitation period.

21 On October 5, 2012, the Court denied Petitioner's motion for relief. (Doc. 31). Of particular
22 note, the Court rejected Petitioner's claim of actual innocence as well as his claim that Mr. Mitts
23 committed gross attorney negligence in his handling of Petitioner's case, as distinct from ordinary
24 attorney negligence. Petitioner filed a notice of appeal in the United States Court of Appeals, Ninth
25 Circuit, on October 22, 2012. (Doc. 32). On October 28, 2012, the Ninth Circuit granted a certificate
26 of appealability as to certain issues and permitted the appeal to go forward. (Doc. 42).

27 Subsequently, on March 28, 2016, the Ninth Circuit issued an opinion which affirmed in part
28 and reversed in part the decision of this Court. (Doc. 43). The Ninth Circuit affirmed that portion of

the judgment regarding actual innocence.  Brooks v. Yates, 818 F.3d 532, 533-534 (9th Cir. 2016). However, the appellate court reversed the judgment as to whether Petitioner's counsel had abandoned him, concluding that Mitts was "grossly negligent in his representation of [Petitioner] *at the time the district court ordered [Petitioner] to show cause why his petition should not be dismissed as untimely*."  Brooks, 818 F.3d at 534 (Emphasis supplied).

The Ninth Circuit pointed out that this Court had focused its inquiry on Mitt's performance leading up to the habeas petition's late filing, and determined that, because Mitt's miscalculation of the filing deadline was only simple attorney negligence, Petitioner was not entitled to equitable tolling. The Court went on to state that

> "[t]his was not the proper inquiry.
> …
> Instead, the proper inquiry is whether 'extraordinary circumstances prevented [Petitioner] from taking timely action to prevent or correct an erroneous judgment,' [i.e.], *the relevant judgment being the district court's ultimate dismissal of the petition*."

Brooks, 818 F.3d at 534 (Emphasis supplied).

Noting that, "[e]ven where a petitioner is abandoned by counsel, the petitioner must also show that he diligently pursued his rights before relief can be granted," and because the Court had not made express findings as to Petitioner's diligence, the Ninth Circuit remanded the case to this Court for the specific purpose of making such findings regarding Petitioner's diligence or lack thereof.  Id. at 535.

On April 20, 2016, mandate issued from the Ninth Circuit.  On May 9, 2016, counsel for Petitioner entered her appearance.  (Doc. 46).  On May 16, 2016, the Court ordered the parties to file briefs addressing the issue on remand, i.e., Petitioner's diligence.  (Doc. 48).  On July 7, 2016, Respondent filed his brief.  (Doc. 50).  On July 15, 2016, Petitioner filed his brief with attachments. (Doc. 51).

**DISCUSSION**

A.   Requirements For Granting A Rule 60(b) Motion.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3)

3

fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

As the Ninth Circuit observed in its opinion, "[G]ross negligence by counsel amounting to 'virtual abandonment' can be an "extraordinary circumstance' that justifies [relief under] Rule 60(b)(6)."  Brooks, 818 F.3d at 534, citing Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012).

B.  Analysis.

The issue of whether some extraordinary circumstance stood in Petitioner's way has been answered by the Ninth Circuit's decision, which concluded that Mr. Mitts had engaged in gross attorney negligence amounting to "virtual abandonment" of his client.  The Ninth Circuit remanded the case to this Court for the sole purpose of determining whether Petitioner met the diligence requirement for Rule 60(b) relief.

In his brief filed following remand, Respondent states that he "finds no basis to challenge diligence…."  (Doc. 50, p. 2).  Further, Respondent states that he

> …will not task Petitioner to go through the motions to say what is obvious.  That is, Respondent will not quarrel with a finding that six and one-half months was a reasonable time for him to accumulate and present the matters that he did present for Rule 60(b)(6) relief, as part of his effort to make a case that to re-open would not be futile."

(Doc. 50, p. 3).

However, Respondent goes on to contend that granting the motion for relief from judgment would be futile because putting Petitioner in the status quo ante, i.e., as of the time period after filing of the petition but prior to entry of judgment, would still not cure an untimely petition. (Id., p. 4).

Petitioner's brief emphasizes that the only issue on remand, i.e., Petitioner's diligence or lack thereof, was conceded by Respondent, and thus the motion for relief from judgment should, *ipso facto*, be granted. (Doc. 51, pp. 19-27). However, Petitioner goes on to dispute Respondent's argument that granting the motion for relief would be futile, contending, essentially, that granting the motion for relief from judgment would do nothing more than give Petitioner the right to litigate the very issue, i.e., equitable tolling, he had been denied the opportunity to litigate by his virtue of his attorney's abandonment. Petitioner then goes on to argue strenuously that entitlement to equitable tolling has already been established in this record based on Mitt's gross negligence, and therefore the Court should, in addition to granting the motion for relief, deem the petition timely and allow the case to proceed on the merits. (Doc. 51, pp. 26-38).

After considering all of these arguments, what seems clear is that Petitioner has met the standards for granting Rule 60(b) relief in that he has shown gross attorney negligence that precluded him from responding to the Magistrate Judge's original Order to Show Cause or otherwise "taking timely action to prevent or correct an erroneous judgment," and he has shown diligence in filing his motion for relief, as conceded by Respondent.

Having concluded that Petitioner is entitled to relief from the judgment, the Court is not, at this juncture, inclined to accept the parties' invitation to address the underlying, and possibly dispositive, issue of whether Petitioner is entitled to equitable tolling based on Mitts' conduct *prior to the filing of the instant petition*. That is an issue properly within the authority of the Magistrate Judge once this Court has referred the case back to her for further proceedings.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. The judgment entered on June 13, 2012 (Doc. 12), is VACATED and SET ASIDE;

5

2. The October 5, 2012 order denying Petitioner's motion for relief from judgment (Doc. 31), is VACATED;

3. Petitioner's motion for relief from judgment dated June 13, 2012 (Doc. 12), is GRANTED; and,

4. The matter is referred back to the U.S. Magistrate Judge assigned to this case for further proceedings.

IT IS SO ORDERED.

Dated:   **August 9, 2016**                       /s/ Lawrence J. O'Neill
                                                           UNITED STATES CHIEF DISTRICT JUDGE