# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWAN BROOKS,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES YATES,<br><br>    Respondent. | Case No.: 1:11-cv-01315-LJO-JLT<br><br>ORDER DIRECTING PARTIES TO FILE BRIEFS AND SETTING BRIEFING SCHEDULE<br><br>FORTY-FIVE DAY DEADLINE |

On November 22, 2011, the district court judge entered judgment against Petitioner and ordered the file closed. (Doc. 9) On October 22, 2012, Petitioner filed his notice of appeal. (Doc. 32) On March 28, 2016, the Ninth Circuit issued its decision, affirming in part and reversing in part the dismissal of the petition. (Doc. 43) In that decision, the Ninth Circuit noted that the "district court did not make findings with respect to whether Brooks was reasonably diligent." (Id.) On remand, the Ninth Circuit directed this Court to make a determination whether Petitioner's counsel acted diligently in pursuing relief from the Court's judgment dismissing the petition. (Id.)

The Court ordered the parties to file briefs regarding Petitioner's diligence in seeking reconsideration under Rule 60, and, subsequently, the parties filed their briefs. (Docs. 48; 50; 51) On August 10, 2016, the District Judge issued an order granting the motion for reconsideration, setting aside the judgment, and referring the matter back to the Magistrate Judge for further proceedings.

(Doc. 52)

In light of the District Judge's referral order, which expressly declined to decide the issue of whether the conduct of Petitioner's counsel entitled Petitioner to equitable tolling for the period preceding the filing of the instant petition, it would appear that this issue is now central to the proceedings and must be decided in order for the case to proceed. Accordingly, within 45 days, counsel *may* file briefs addressing whether the conduct of attorney Mitts' entitles the petition to the equitable tolling, for the purpose of determining timeliness.

The parties have already submitted arguments relating to this issue. Therefore, any party who wishes to rely upon the legal arguments and evidence presently in the record on the issue, may forego filing an additional brief and instead file a notice to this effect.

**ORDER**

Accordingly, the Court **ORDERS**:

1. Within 45 days, the parties SHALL file a brief addressing whether Petitioner is entitled to equitable tolling based upon attorney misconduct or a notice that the party is submitting the issue based upon the state of the current record.

IT IS SO ORDERED.

Dated:   **August 11, 2016**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE